IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **2:08cr86-WHA** |
| | ) | |
| KEISHIA BRAYBOY | ) | |

## MEMORANDUM OPINION AND ORDER

On April 16, 2008, the Middle District of Alabama Grand Jury indicted Defendant Keishia Brayboy ("Brayboy") for alleged violations of 18 U.S. C. §§ 287 and 1028(a)(7). The financial affidavit submitted by Brayboy reveals she is able to afford counsel and therefore she does not qualify for the appointment of counsel pursuant to 18 U.S.C. § 3006A. Pending before the Court is Brayboy's *Motion to Reconsider Indigent Status* (Doc. #11, filed April 29, 2008). The Court conducted a hearing on Brayboy's *Motion* over the course of two days, and for the reasons discussed below, finds she can afford counsel.

## I. LEGAL STANDARD

Unless a criminal defendant "waives representation by counsel, the United States magistrate or the court, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent him." 18 U.S.C. § 3006A(b). The test for appointment is whether a defendant is "financially unable" to obtain counsel on his own. *Id*. "The burden of proving inadequate financial means, however, lies with the defendant," (internal citation omitted) "It is not enough to *claim* inability to hire a lawyer

...; the statute provides for 'appropriate inquiry' into the veracity of that claim." United States v. Murphy, 469 F.3d 1130, 1135 (7th Cir.2006).

## II. DISCUSSION

The Court heard testimony presented by the United States from Internal Revenue Special Agent Lisa Fontanetta, and Brayboy, who testified in her own behalf.[1]  Both witnesses testified about several accounts in area banks held by Brayboy, either singly or jointly with her spouse, and two trust accounts for minor children. The parties agree there is no dispute about the balances in each account.

Government Exhibit #1 reveals Brayboy had $101,713.72 deposited in various banks as of May 14, 2008. Brayboy had $59,928.35 at Wachovia, $21,469.57 at BancorpSouth, and $20,315.80 at Regions Bank. Approximately $10,000 is held by Wachovia as collateral for a check cashing business operated by Brayboy, and approximately $20,074.21 is in Brayboy's IRA account at Regions. All other accounts, except the trust accounts totaling $700.41, are held by Brayboy and/or her spouse for personal use, or by KTS Financial Services, Brayboy's tax preparation business. Excluding the collateral, IRA, and trust accounts, Brayboy's total cash assets were $70,939.10 as of May 15, 2008.

Government Exhibit #2 reveals that, in the weeks since her indictment, Brayboy and her spouse engaged in a series of seven withdrawals and payments from the Bancorp South account which total $119,100.00. The Court especially notes Brayboy's withdrawal of

---

[1] As requested by Defendant, she was permitted to cross-examine SA Fontanetta out of the presence of the United States.

$35,000 in the hours before her eligibility hearing began on May 13, 2008. Brayboy testified these monies were owed to her mother, brother, and sister-in-law, who are purportedly joint owners/operators of KTS Financial Services and Hayneville Boxcar, a convenience store in Lowndes County, Alabama. Brayboy testified the funds in the Bancorp account are the property of these relatives, along with herself and her husband. Brayboy said she and her relatives became concerned they might lose access to the money after her indictment, and the withdrawals and payments were an attempt to divide the money without interference. Brayboy argues these assets, though in an account held by herself and her spouse, actually belong to five people and should not be considered in determining her eligibility for appointment of counsel.

The Court is not persuaded by Brayboy's arguments. Brayboy submitted as support for her position a case where a state agency determination in a food stamp assets case was found "overly restrictive" where the appellant, though an account holder, "never made deposits nor withdrawals," "never saw statements," and "never knew she could withdraw money from her son's account." State Department of Human Resources v. Wood, 571 So.2d 305, 306 (Ala. Civ. App. 1990). Here, the family members are not signatories on any of the accounts held by Brayboy, and the only persons to withdraw monies from the account were Brayboy and her husband. Government Exhibit #2 supports the Court's finding that the Bancorp account held assets attributable to Brayboy and her spouse. Brayboy testified that a $35,000 check from this account, negotiated by her brother, Reginald Thomas, on April 24, 2008, was payment for gasoline received by Hayneville Boxcar. It is customary to make a

payment for an ordinary business expense by check directly to the vendor, rather than by cash paid to a family member. Further, the $35,000 "payment" amount was the same amount withdrawn by Brayboy on the date of her hearing. Brayboy testified the $9800 check negotiated by Charles Thomas on April 30, 2008 was for renovation expenses on the Brayboy home. The Court notes the payee on this check shares the same surname as Brayboy's brother, but Brayboy was not asked whether Charles Thomas was another relative. The Court finds the Brayboys' Bancorp transactions were a redistribution of assets to shield them from the potential negative consequences of her criminal prosecution , such as restitution, fines, forfeiture, or the cost of her criminal defense. *See* United States v. Parker, 439 F.3d 81, 93-94 (2nd Cir. 2006) (considering defendant's failure to authorize review of financial records, as well as possible attempt to conceal assets, in 18 U.S.C. § 3006A eligibility determinations).

The Court concludes $70,939.10 is more than sufficient for Brayboy to secure her own counsel. Notwithstanding the $70,939.10 on hand, when the Court considers the approximately $119,000 removed from the BancorpSouth account since the date of Brayboy's indictment, it is clear Brayboy is not entitled to appointed counsel under 18 U.S.C. § 3006A.

### III. CONCLUSION

For the foregoing reasons, Brayboy's *Motion for Reconsideration* is DENIED.

Done this 21st day of May, 2008.

           /s/ Terry F. Moorer
           TERRY F. MOORER
           UNITED STATES MAGISTRATE JUDGE